UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT E. YORK JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH CHICAGO POLICE DETECTIVE ) <br> JOSE SARABIA; NORTH CHICAGO ) <br> POLICE DETECTIVE MICHAEL ) <br> MUELLER; LAKE COUNTY ASSISTANT ) <br> STATES ATTORNEY KENNETH ) <br> LARUE; LAKE COUNTY; and THE CITY ) <br> OF NORTH CHICAGO, ) <br> ) <br> Defendants. ) | 21 C 3978 <br><br> Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendants Lake County Assistant State's Attorney Kenneth LaRue's and Lake County's (collectively, the "Lake County Defendants") Motion to Dismiss Counts II, III, and IV of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Lake County Defendants' Motion.

## STATEMENT

The following facts come from the Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in York's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

York alleges he was wrongfully prosecuted on multiple occasions in connection with the September 14, 2019 shooting death of Brian Wilson. On September 17, 2019, York turned himself in to the North Chicago Police Department, where he first encountered the Defendant Detectives. At that time, he explained his side of the story and consented to a search of his cell phone, which was later inventoried by the Detective Defendants.

Two days later, York was charged with failing to notify police of the September 14 shooting incident in Lake County Criminal Case No. 19 CF 2118, despite the fact York had three separate conversations with a 911 operator immediately after the incident occurred. On October 1, 2019, York's criminal defense attorneys produced to Lake County prosecutors York's cell phone records, which corroborated York's version of events. York alleges despite receiving the cell phone records, Defendant Sarabia provided false information to prosecutors and provided false testimony that York never called 911. On November 13, 2019, the Lake County State's Attorney's Office dismissed all charges against York in connection with 19 CF 2118 and York was released from custody that same day.

York then alleges Defendant Assistant State's Attorney ("ASA") LaRue, while acting in an investigatory capacity, conspired with the Detective Defendants to present false and misleading evidence to again prosecute York for Brian Wilson's death. As a result of this purported conspiracy, York was indicted on July 22, 2020, for the First-Degree Murder of Brian Wilson in Lake County Criminal Case No. 20 CF 1133. York

2

was again incarcerated until December 18, 2020, when Lake County Judge Daniel B. Shanes dismissed the indictment, concluding that Defendants violated York's due process rights.

York filed his four-count Complaint on July 27, 2021. York brings three claims under 42 U.S.C. § 1983 for False Arrest/Unlawful Detention (Count I), Fabrication of Evidence (Count II), and Conspiracy to Deprive Constitutional Rights (Count IV). He also brings a state law claim for malicious prosecution (Count III). The Lake County Defendants move to dismiss Counts II, III, and IV against them under Federal Rule of Civil Procedure 12(b)(6). The Lake County Defendants argue Counts II and IV, alleging Section 1983 violations by ASA LaRue and the other Defendants, should be dismissed as to ASA LaRue because of the absolute immunity federal law affords prosecutors who perform tasks intimately associated with the judicial process. The Lake County Defendants also contend Count III, the state law claim for malicious prosecution, should be dismissed based on the prosecutorial and sovereign immunities under Illinois law. Finally, the Lake County Defendants assert Lake County must be dismissed from this suit because it is improperly named.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual

support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. With this standard in mind, the Court addresses the Lake County Defendants' arguments in turn.

1. **Section 1983 Claims and Absolute Immunity[1]**

Prosecutors are absolutely immune from liability for damages under Section 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process. *See Bianchi v. McQueen*, 818 F. 3d 309, 316 (7th Cir. 2016) (citing cases). Prosecutors

---

[1] York's Complaint does not make clear whether he is suing ASA LaRue in his official or individual capacity. To the extent York's Section 1983 claims against ASA LaRue are in his official capacity, damages are barred by the Eleventh Amendment. *See Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014); *Manos v. Caira*, 162 F. Supp. 2d 979, 987 (N.D. Ill. 2001) (holding that the plaintiff's Section 1983 claim for damages against the ASAs "in their official capacity is jurisdictionally barred by the Eleventh Amendment."). York must clarify the capacity in which he is suing ASA LaRue in his amended complaint.

acting in an investigative capacity, however, may claim only qualified immunity, which covers "conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 316–17 (cleaned up). So, the extent to which ASA LaRue is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of York's claims.

The Court need not wade too deeply into the immunity quagmire at this stage, however, because York's Complaint does not allow the Court to get that far. York claims he sufficiently alleged ASA LaRue was acting in an investigative capacity (and is thus not entitled to absolute immunity), pointing specifically to paragraphs 2, 10, and 32 of the Complaint. These paragraphs allege ASA LaRue conspired with the Defendant Detectives "in an investigatory capacity to present false and misleading evidence" to prosecute York. These are conclusory statements unsupported by factual allegations that would permit the Court to reasonably infer ASA LaRue was acting in an investigative capacity.

Additionally, while York asserts in a conclusory fashion that "Defendants" fabricated and manipulated evidence to prosecute him once again, he "offers no factual allegations regarding [ASA LaRue's] role in the alleged fabrication of evidence or even an explanation of what evidence was fabricated." *See Moore v. City of Alton, Ill.*, 2020 WL 7059254, at *3 (S.D. Ill. 2020). Typically, whether a prosecutor is entitled to absolute immunity or qualified immunity is something that cannot be determined on the basis of the pleadings alone; however, even granting all reasonable inferences to York,

with the scant facts alleged in the Complaint the Court can only arrive at one conclusion: the Complaint, as pled, fails to permit the inference ASA LaRue was not acting within the scope of his prosecutorial duties such that ASA LaRue would not be entitled to absolute immunity from York's Section 1983 claims. Counts II and IV are dismissed as to ASA LaRue, without prejudice.

### 2. State Law Malicious Prosecution Claim

Defendants next argue York's malicious prosecution claim should be dismissed based on the prosecutorial and sovereign immunities under Illinois law. We address each in turn.

#### a. Prosecutorial Immunity

Because York's state law claim is based on the same factual allegations (or rather, the lack thereof), York fails to demonstrate ASA LaRue is anything but absolutely immune to the malicious prosecution claim in addition to the federal claims. *See Dickman v. Office of the State's Att'y of Cook Cnty.*, 2018 WL 1377907, at \*6 (N.D. Ill. 2018); *Simpson v. Meijer, Inc.*, 2013 WL 3834641, at \*8 (N.D. Ill. 2013). "[T]he state and federal doctrines of prosecutorial immunity are coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Frank v. Garnati*, 2013 IL App (5th) 120321, ¶ 17 (citing cases). Therefore, "prosecutors acting in the course of their duties are afforded absolute immunity from all acts, even malicious acts." *Id*. Because York has not alleged facts sufficient to support his allegation that ASA LaRue acted in a non-prosecutorial

6

function, York's malicious prosecution claim (Count III) against ASA LaRue must be dismissed. The dismissal is without prejudice.

### b. Sovereign Immunity

Whether ASA LaRue is entitled to sovereign immunity depends on whether he is being sued in his individual or official capacity, which is unclear from York's Complaint. In the event that York is attempting to sue ASA LaRue in his official capacity, the Illinois State Lawsuit Immunity Act provides that the state cannot be sued except as provided, *inter alia*, in the Court of Claims Act. 745 ILCS 5/1. The Court of Claims Act requires all claims against the state "sounding in tort" to be heard in that court. 705 ILCS 505/8(d). Whether an action is one against the State depends not on the formal identification of the parties but rather on the issues involved and the relief sought. *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990). "Sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 770–71 (N.D. Ill. 2012) (cleaned up); *see also Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 42. York argues his malicious prosecution claim is properly before this Court because he alleges ASA LaRue acted maliciously in violating his constitutional rights, so his allegations are sufficient to show ASA LaRue acted beyond the scope of his authority. "Malice, if well pleaded, is outside the scope of a State employee's authority and the claim must be brought in the circuit court and not the Court of Claims." *Hobbs*, 899 F. Supp. 2d at 771.

But the Complaint is virtually silent as any facts supporting maliciousness on ASA LaRue's part. Again, York asserts in the same conclusory fashion that ASA LaRue conspired with the Defendant Detectives to "maliciously prosecute" him, and that the "judicial proceedings were instituted and continued maliciously." This is not enough. Additionally, because the Court dismissed York's Section 1983 claims against ASA LaRue above, there is no allegation that ASA LaRue acted in violation of statutory or constitutional law or in excess of his authority. *See Hobbs*, 899 F. Supp. 2d at 770–71.

3. **Lake County**

Finally, Defendants argue Lake County should be dismissed from this suit because it is improperly named; it is not ASA LaRue's employer. This is true. ASAs are "state, rather than county, officials." *Horstman v. Cnty. of DuPage*, 284 F. Supp. 2d 1125, 1130 (N.D. Ill. 2003). The Court therefore dismisses York's Complaint as to Lake County insofar as it seeks to hold Lake County substantively liable for a judgment against ASA LaRue. *See Armour v. Country Club Hills*, 2012 WL 4499050, at *8 (N.D. Ill. 2012).

York attempts to keep Lake County as a defendant by asserting Lake County has a duty to indemnify. This may be true. *See id.* Accordingly, York may file an amended complaint clarifying that Lake County is being sued as indemnitor (e.g., by amending the Complaint to add a count for indemnification). York should also take care to specify

in his amended complaint the capacity in which ASA LaRue is being sued—official or individual.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [11] is granted. Counts II, III, and IV of Plaintiff's Complaint are dismissed without prejudice as to Defendant ASA LaRue. Plaintiff's Complaint is dismissed without prejudice as to Lake County. Plaintiff is granted leave to file an amended complaint by January 21, 2022. Status hearing is set for 1/25/2022 at 10:50 a.m. It is so ordered.

Dated: 12/21/2021

_____
Charles P. Kocoras
United States District Judge