UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT E. YORK JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 3978 |
| | ) | |
| NORTH CHICAGO POLICE DETECTIVE | ) | Judge Charles P. Kocoras |
| JOSE SARABIA; NORTH CHICAGO | ) | |
| POLICE DETECTIVE MICHAEL | ) | |
| MUELLER; LAKE COUNTY ASSISTANT | ) | |
| STATES ATTORNEY KENNETH | ) | |
| LARUE; LAKE COUNTY; and THE CITY | ) | |
| OF NORTH CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Lake County Assistant State's Attorney Kenneth LaRue ("ASA LaRue") and Lake County's (collectively, the "Lake County Defendants") Motion to Dismiss Counts II through V of Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Lake County Defendants' Motion in part.

## STATEMENT

The following facts come from the FAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in York's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

York alleges he was wrongfully prosecuted on multiple occasions in connection with the September 14, 2019 shooting death of Brian Wilson. On September 17, 2019, York turned himself in to the North Chicago Police Department, where he first encountered the Defendant Detectives. At that time, he explained his side of the story and consented to a search of his cell phone, which was later inventoried by the Detective Defendants. York maintains Wilson fired at him first.

Two days later, York was charged with failing to notify police of the September 14 shooting incident in Lake County Criminal Case No. 19 CF 2118, even though York had three separate conversations with a 911 operator immediately after the incident occurred. On October 1, 2019, York's criminal defense attorneys produced to Lake County prosecutors York's cell phone records, which corroborated York's version of events. York alleges despite receiving the cell phone records, Defendant Sarabia provided false information to prosecutors and provided false testimony that York never called 911. On November 13, 2019, the Lake County State's Attorney's Office dismissed all charges against York in connection with 19 CF 2118 and York was released from custody that same day.

York alleges ASA LaRue was personally tasked with re-investigating the death of Wilson and building a murder case against York. Over the course of eight months, Wilson's family members repeatedly called and met with ASA LaRue for updates on his investigation. In an effort to charge York with Wilson's death, ASA LaRue conspired with the Defendant Detectives to craft a false factual scenario and withhold

2

critical information about Wilson shooting at York from the grand jury. Specifically, ASA LaRue and the Defendant Detectives conspired to tailor their investigation and subsequent presentation of evidence to make it appear as if York murdered Wilson in a brutal and calculated manner, and further conspired to mislead the grand jury about the initial altercation and shooting. Defendants also conspired to utilize a false and inflammatory news clip, unsupported by sworn testimony, to secure first-degree murder charges against York.

As a result of the conspiracy, York was indicted on July 22, 2020, for the first-degree murder of Brian Wilson in Lake County Criminal Case No. 20 CF 1133. York was again incarcerated until December 18, 2020, when Lake County Judge Daniel B. Shanes dismissed the indictment, concluding Defendants violated York's due process rights.

In his FAC, York brings three claims under 42 U.S.C. § 1983 for false arrest (Count I), unlawful pretrial detention (Count II), and Conspiracy (Count IV). He also brings a state law claim for malicious prosecution (Count III), and a claim for indemnification against Lake County as ASA LaRue's employer (Count V). The Lake County Defendants move to dismiss Counts II through V against them under Rule 12(b)(6). The Lake County Defendants argue Counts II and IV, alleging Section 1983 violations by ASA LaRue and the other Defendants, should be dismissed as to ASA LaRue because of the absolute immunity federal law affords prosecutors who perform tasks intimately associated with the judicial process. The Lake County Defendants also

contend Count III, the state law claim for malicious prosecution, should be dismissed based on prosecutorial immunity under Illinois law. Immunity arguments aside, the Lake County Defendants alternatively argue these claims should be dismissed because York's conclusory allegations do not meet federal pleading standards. Finally, the Lake County Defendants assert the indemnification claim against Lake County must be dismissed because Lake County is not ASA LaRue's employer.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss.

*Iqbal*, 556 U.S. at 678. With these standards in mind, the Court addresses the Lake County Defendants' arguments in turn.

1. **Section 1983 Claims**

The Lake County Defendants first argue the Section 1983 claims against ASA LaRue must be dismissed because ASA LaRue is absolutely immune from liability. Alternatively, the Lake County Defendants contend York's allegations are merely conclusory and fail to state claims for unlawful pretrial detention and conspiracy. We begin with prosecutorial immunity.

   a. **Absolute Prosecutorial Immunity**

Prosecutors are absolutely immune from liability for damages under Section 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process. *See Bianchi v. McQueen*, 818 F. 3d 309, 316 (7th Cir. 2016) (citing cases). "Absolute prosecutorial immunity is not restricted to what goes on in the courtroom," for the "duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id*. at 318 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 n.33 (1976)). "More particularly, the immunity encompasses quintessentially prosecutorial functions like an out-of-court effort to control the presentation of a witness' testimony, and acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial." *Id.* (cleaned up). "These include the professional evaluation of the evidence assembled by

5

the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek indictment has been made." *Id.* So, the extent to which ASA LaRue is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of York's claims.

The Lake County Defendants attempt to characterize York's claims as based solely on ASA LaRue's presentation to the grand jury while York claims the FAC paints a much broader picture. York alleges ASA LaRue was personally tasked with re-investigating the Wilson case and building a case against York for Wilson's murder. Over the course of eight months, ASA LaRue met with Wilson's discontented family on multiple occasions and, together with the Defendant Detectives, "constructed a false factual narrative to turn a clear case of self defense into a fictional brutal murder." Dkt. # 26-1, at 7.

York's allegations, if true, are indeed troublesome. Even if ASA LaRue was ignoring evidence favorable to York and withholding that evidence from the grand jury, however, none of the additional facts in the FAC point to *investigative* work on ASA LaRue's part. "A prosecutor may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as 'preparation' for a possible trial." *Fields v. Wharrie*, 740 F.3d 1107, 1113–14 (7th Cir. 2014) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 275–76 (1993)). But the FAC reads more as though ASA LaRue was evaluating evidence brought to him by the police and, under pressure from

6

the Wilson family, picking and choosing which evidence to disclose to the grand jury in order to guarantee an indictment. *See Bianchi*, 818 F.3d at 318.

Notably, absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). However, "a showing that a prosecutor investigated and fabricated evidence against a target would automatically defeat absolute prosecutorial immunity, even if that target was later brought to trial." *Lewis v. Mills*, 677 F.3d 324, 331 (7th Cir. 2012). As with his original Complaint, York "offers no factual allegations regarding [ASA LaRue's] role in the alleged fabrication of *evidence* or even an explanation of what *evidence* was fabricated." *Moore v. City of Alton, Ill.*, 2020 WL 7059254, at *3 (S.D. Ill. 2020) (emphasis added). Rather, the FAC paints a picture of manipulation of existing evidence, not fabrication of new evidence. In other words, ASA LaRue allegedly fabricated a false narrative, not evidence.

At bottom, York again fails to nudge his claim that ASA LaRue was acting in an investigatory capacity "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. York's allegations concerning ASA LaRue's purportedly investigative conduct are conclusory, insufficient to withstand a Rule 12(b)(6) motion to dismiss.

## 2. State Law Malicious Prosecution Claim

The Lake County Defendants next argue York's malicious prosecution claim should be dismissed based on the prosecutorial and sovereign immunities under Illinois law.

### a. Prosecutorial Immunity

Because York's state law claim is based on the same factual allegations as his Section 1983 claims, York fails to demonstrate ASA LaRue is anything but absolutely immune to the malicious prosecution claim in addition to the federal claims. *See Dickman v. Office of the State's Att'y of Cook Cnty.*, 2018 WL 1377907, at *6 (N.D. Ill. 2018); *Simpson v. Meijer, Inc.*, 2013 WL 3834641, at *8 (N.D. Ill. 2013). "[T]he state and federal doctrines of prosecutorial immunity are coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Frank v. Garnati*, 2013 IL App (5th) 120321, ¶ 17 (citing cases). Therefore, "prosecutors acting in the course of their duties are afforded absolute immunity from all acts, even malicious acts." *Id*. Because York has not alleged facts sufficient to support his allegation that ASA LaRue acted in a non-prosecutorial function, York's malicious prosecution claim (Count III) against ASA LaRue must be dismissed.

### b. Sovereign Immunity

"Sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 770–71 (N.D. Ill. 2012) (cleaned up); *see*

*also Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 42. Because the Court dismisses York's Section 1983 claims against ASA LaRue above, there is no allegation that ASA LaRue acted in violation of statutory or constitutional law or in excess of his authority. *See Hobbs*, 899 F. Supp. 2d at 770–71.

### 3. Lake County

Finally, the Lake County Defendants argue Lake County should be dismissed from this suit because it is improperly named; it is not ASA LaRue's employer. This is true. ASAs are "state, rather than county, officials." *Horstman v. Cnty. of DuPage*, 284 F. Supp. 2d 1125, 1130 (N.D. Ill. 2003). The Court therefore dismisses York's FAC as to Lake County insofar as it seeks to hold Lake County substantively liable for a judgment against ASA LaRue. *See Armour v. Country Club Hills*, 2012 WL 4499050, at *8 (N.D. Ill. 2012). However, because Lake County may have a duty to indemnify, Count V for indemnification stands, but the portions of the FAC alleging Lake County is ASA LaRue's employer are stricken.

## CONCLUSION

For the foregoing reasons, the Lake County Defendants' Motion to Dismiss [24] is granted in part as set forth above. If York believes he can remedy the defects in his claims against ASA LaRue, he may file a motion for leave to file a second amended complaint within fourteen (14) days, attaching the proposed amended complaint and explaining how those defects have been remedied. Status hearing set for 4/12/2022 at 11:00 a.m. It is so ordered.

Dated: March 8, 2022

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge